# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § § | Case No. 2:19-cv-00361-JRG |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | § § | |
| Defendant. | § § § | |
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § § | Case No. 2:19-cv-00359-JRG |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **WAZE MOBILE LIMITED,** | § § | |
| Defendant. | § § § | |
| **AGIS SOFTWARE DEVELOPMENT LLC,** | § § § § | Case No. 2:19-cv-00362-JRG |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | § § § § § | |
| Defendants. | § § § | |

## DEFENDANTS' MOTION TO SET TRIAL SCHEDULES

## TABLE OF CONTENTS

**Page**

A.  Factual Background: The *Samsung* And *Waze* Cases Are Subsets Of The *Google* Case ........................................................................................................ 2

B.  Legal Standards.................................................................................................. 6

C.  Argument: Setting The *Google* Trial First Promotes Efficiency And Minimizes The Need For Multiple Trials And Risk Of Inconsistent Outcomes ............................................................................................................ 7

D.  Conclusion ......................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Garmin Ltd. v. Tomtom, Inc.*,
  No. 2:06-CV-338 (LED), 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) .................................. 6

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) ........................................................................................ 6

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ........................................................................................ 8

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990) ........................................................................................ 8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .......................................................................................................... 6

*McDaniel v. Anheuser-Busch, Inc.*,
  987 F.2d 298 (5th Cir. 1993) ............................................................................................ 8

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011) ........................................................................................ 8

*White v. Allstate Texas Lloyd's*,
  No. 1:07-CV-238, 2008 WL 394197 (E.D. Tex. Feb. 11, 2008) ..................................... 6

**STATUTES**

35 U.S.C. § 299 ....................................................................................................................... 1

35 U.S.C. § 299(a) .............................................................................................................. 6, 7

35 U.S.C. § 299(c) ................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 16(b) .............................................................................................................. 6

Fed. R. Civ. P. 42(a) .............................................................................................................. 6

Local Rule CV-42(b) ............................................................................................................. 6

Defendants Google LLC ("Google"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. (collectively, "Samsung"), and Waze Mobile Limited ("Waze") move for an order setting trial schedules for their three related cases such that: (1) the *AGIS v. Google* case (2:19-cv-00361, "*Google*") is set for trial first, before the trial(s) of the other related cases, *AGIS v. Samsung* (2:19-cv-00362, "*Samsung*") or *AGIS v. Waze* (2:19-cv-00359, "*Waze*"); or (2) alternatively, that all three *AGIS* cases be set for a single combined trial on the same date.

Setting the trial dates to have Google proceed first or concurrently is efficient, minimizes the need for multiple trials, and avoids inconsistent outcomes because in most respects, the *Samsung* and *Waze* cases present only a subset of the issues in the *Google* case. The *Samsung* and *Waze* cases concern only two of the five total patents at issue in the *Google* case. In fact, the *Samsung* case is a customer-suit action as the main accused products are software applications that Google developed, and those same Google-developed applications are also the accused products in the *Google* case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮And Waze is a wholly owned subsidiary of Google. Given this overlap, the issues in the *Google* case subsume those in the *Samsung* and *Waze* cases. And the parties' expert witnesses, AGIS witnesses, and Google employee witnesses are relevant to all three trials. Setting the *Google* trial first could resolve overlapping issues across the three cases, potentially obviating the need for trials in the *Samsung* and *Waze* cases, or at a minimum, substantially narrowing the scope of issues to be tried in those cases. Alternatively, combining the *Google* trial with the other two trials would directly eliminate the need for multiple trials and would also be appropriate under 35 U.S.C. § 299. Conversely, trying *Waze* or *Samsung* first would leave unresolved many of the issues in *Google* because that case involves three patents not asserted against Waze or Samsung.

Indeed, Google seeks to achieve the efficiencies that the Court previously recognized. At the outset of the case, the Court consolidated the three cases and designated *Google* as the lead case. But to allocate time for another round of venue discovery in the *Google* case, the Court recently de-consolidated the three cases, setting *Samsung* and *Waze* for trial on June 6, 2022 and *Google* for trial nearly three months later on August 22, 2022.[1] *Google*, Dkt. 251. This revised trial order eliminates the efficiencies of having *Google* proceed first, substantially increases the likelihood of multiple trials, and increases the demands on both witnesses and the Court. Additionally, several key witnesses who could be called live have scheduling conflicts with the *Samsung* and *Waze* trials that are currently set for June 6, 2022, which further supports moving those trials. *Google*, Dkt. 248-1; *Samsung*, Dkt. 30-1. To avoid the inefficiency of having multiple trials on the same issues and the current scheduling conflicts, Defendants seek an order re-setting *Google* as the lead case with the first trial or, alternatively, having all three cases tried together.

A.    **Factual Background:  *Samsung* And *Waze* Are Subsets Of *Google***

AGIS sued Google, Samsung, and Waze in November 2019. The cases were consolidated under the lead *Google* case (and not the lowest-numbered case) because of overlap in AGIS's claims against the Defendants, including asserted patents and accused products as summarized in the table below. *See Google*, Dkt. 1; *Samsung*, Dkt. 1; *Waze*, Dkt. 1.

| Case / Defendant | Asserted Patents | Accused Products |
|---|---|---|
| Google | '970, '251, '838, '829, and '123 | Google Find My Device<br>Google Maps |

---

[1] On February 28, the Samsung and Waze defendants submitted docket control orders that followed a June 6, 2022 trial date, because that trial date was set by the Court for their respective cases. *Samsung*, Dkt. 30-1; *Waze*, Dkt. 28-1. But Samsung and Waze support this motion to have their cases tried after, or together with, the *Google* case that is currently set for trial on August 22, 2022. If the Court grants this motion and moves the trial date for *Samsung* and *Waze*, Samsung and Waze propose that the parties submit amended docket control orders in accordance with the new trial date for their respective cases.

| Samsung | '829, '123 | Google Find My Device<br>Google Maps<br>Samsung Find My Mobile |
|---|---|---|
| Waze | '829, '123 | Waze and Waze Carpool |

As the table shows, the *Google* case has five asserted patents, two of which ('829 and '123 Patents) are also asserted in the *Samsung* and *Waze* cases. The '829 and '123 Patents share the same specification and claim the same priority date as the '251 and '838 Patents in the *Google* case. Two of the three accused products in the *Samsung* case are Google-developed software applications—Google Find My Device and Google Maps—that are accused products in the *Google* case. *E.g.*, *Samsung*, Dkt. 1 at ¶¶26, 36; *Google*, Dkt. 1 at ¶¶93, 103. ███████

████████████████████████████████████████████

████████████████████████████████████████ In addition, Waze is a wholly owned subsidiary of Google, and Waze's former documents and employees all transferred to Google after it was acquired by Google in 2013. *See Google*, Dkt. 38 at 3.

Given these overlapping facts, the parties litigated all three actions as one action under the lead *Google* case from the beginning of the case through dispositive and *Daubert* motions briefing. For example:

(1) AGIS's infringement contentions were substantially identical for Samsung and Google.

(2) Defendants served joint invalidity contentions, which identified the same prior art references and invalidity arguments against the '251, '838, '829, and '123 Patents given their related subject matter.

(3) The parties jointly briefed claim construction.

(4) Both sides served substantively identical discovery requests and responses across the three cases.

3

(5) Defendants served joint expert reports on invalidity, non-infringement, and damages for all three cases, while AGIS served substantially similar reports on each defendant.

(6) Each fact witness was deposed only once and their testimony was used across multiple cases. For example, Google fact witnesses were deposed and their testimony was used in expert reports regarding infringement for the *Google* and *Samsung* Cases due to common infringement allegations and in damages expert reports for the *Google* and *Waze* Cases due to common licensing issues.

(7) Both parties filed several summary judgment and *Daubert* motions that raise similar issues applicable to either all three cases or two of the three cases, including (a) defendants' motions for summary judgment of no incorporation by reference (*Google*, Dkt. 263; *Samsung*, Dkt. 31; *Waze*, Dkt. 29); (b) defendants' motions for summary judgment of no pre-suit damages, indirect infringement, or willful infringement (*Google*, Dkt. 265; *Samsung*, Dkt. 33; *Waze*, Dkt. 31); (c) defendants' motions for summary judgment of no infringement based on prior licenses (*Google*, Dkt. 273; *Waze*, Dkt. 38); (d) all of defendants' *Daubert* motions (*Google*, Dkt. 268, 271, 272; *Samsung*, Dkt. 36, 39; *Waze*, Dkt. 34, 37); and (d) AGIS's motion to strike expert opinions relating to the FBCB2 prior art system that defendants have asserted against four of the five asserted patents (*Samsung*, Dkt. 40; *Waze*, Dkt. 39).

Defendants also anticipate that there will be substantial overlap in trial witnesses between the three cases if they were each tried separately. As shown in the table below, most of the expert witnesses and all of AGIS's fact witnesses could be called live or by deposition in all three trials. Similarly, Google's employee witnesses' testimony is relevant in not only the *Google* trial, but also one of the *Samsung* or *Waze* trials.

|  |  | **Samsung** | **Waze** | **Google** |
|---|---|---|---|---|
| AGIS experts | Joseph McAlexander |  | X | X |
|  | Dr. Omid Kia | X |  |  |
|  | Alan Ratliff | X | X | X |
| Defendants' experts | Dr. Andy Wolfe | X | X | X |
|  | Paul Meyer | X | X | X |
| AGIS witnesses |  |  |  |  |

4

| | | Samsung | Waze | Google |
|---|---|---|---|---|
| | | ███ | ███ | ███ |
| Google employees | | ███ | ███ | ███ |
| Samsung employees | | ███ | ███ | ███ |
| Prior art witness | | ███ | ███ | ███ |

On February 10, 2021, the Court stayed the cases pending reexaminations. *Google*, Dkt. 219. On January 28, 2022, the Court lifted the stay and set a trial date of June 6 for all three cases, with *Google* as the lead case. *Google*, Dkt. 232. On February 18, the Court de-consolidated the cases, keeping *Samsung* and *Waze* on the June 6 trial date, but moving *Google* to an August 22 trial date. *Google*, Dkt. 251. The Court's de-consolidation order moved the *Google* trial date to allocate time for venue-related discovery and briefing specific to only the *Google* case. *Id*. On January 28, the parties filed a joint motion for docket control orders, which notified the Court that

fact witnesses Amanda Moore and Jonathan Brunsman and Defendants' damages expert Paul Meyer have conflicts with the June 6 trial date set for *Samsung* and *Waze*. *Samsung*, Dkt. 30-1.

### B. Legal Standards

This Court has the inherent power to control its own docket, which includes restructuring the cases as Defendants propose. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). How the Court manages its docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Federal Rule of Civil Procedure 16(b) permits the Court to issue a scheduling order that sets dates for trial. The Court may modify its docket control order upon a showing of good cause. Fed. R. Civ. P. 16(b); *Garmin Ltd. v. Tomtom, Inc.*, No. 2:06-CV-338 (LED), 2007 WL 2903843, at *6 (E.D. Tex. Oct. 3, 2007).

The Court may consolidate cases involving common questions of law or fact. Fed. R. Civ. P. 42(a); Local Rule CV-42(b); *White v. Allstate Texas Lloyd's*, No. 1:07-CV-238, 2008 WL 394197, at *1 (E.D. Tex. Feb. 11, 2008). Under the joinder provision, Section 299, of the America Invents Act, defendants may have "their actions consolidated for trial, only if—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). "[A]n accused infringer may waive the limitations set forth in this section" and the right to a separate trial. *Id.*, § 299(c).

6

### C. Argument: Setting The *Google* Trial First Promotes Efficiency And Minimizes The Need For Multiple Trials And Risk Of Inconsistent Outcomes

The order of trials across the three cases should be reset, with either the *Google* trial proceeding first before *Samsung* and *Waze* or all three cases tried together in the same trial. This ordering promotes judicial economy and avoids the need for multiple trials for many reasons.

*First*, *Samsung* and *Waze* concern only a subset of the patents and prior art references at issue in *Google*, as well as overlapping accused products (in the *Samsung* case). Given the many overlapping issues across the three cases, holding a single consolidated trial is appropriate under 35 U.S.C. § 299(a). To the extent that there are disparate issues, defendants waive their right to separate trials under § 299(c). If the trials are separate, trying *Google* first would maximize the number of overlapping issues that are brought to trial (*e.g.*, non-infringement, priority date, invalidity, marking under § 287, licensing).[2] For example, the *Google* trial would address invalidity of all five asserted patents (including the '829 and '123 Patents at issue in *Waze* and *Samsung*); non-infringement of those patents by Google Find My Device and Maps (which are also accused of infringement in the *Samsung* case); and AGIS's compliance with § 287's marking requirement for those patents. Outcomes on these issues in *Google* could therefore obviate the need for trials in *Waze* and *Samsung* or drastically narrow their scope.

*Second*, with respect to the *Samsung* case, the two main products at issue are Google-developed software applications (Google Maps and Find My Device). Thus, the *Samsung* case is

---

[2] All three Defendants have filed pending motions to dismiss for improper venue or motions to transfer to the Northern District of California ("NDCA"), with Samsung and Waze arguing that their cases should be kept and transferred together with Google's case precisely because of overlapping issues and evidence. *See Google* Dkts. 25, 35, 38, 149, 234, 255. At a December 2020 hearing, the Court rejected AGIS's request to resolve the Samsung and Waze motions apart from and before Google's motion. Ex. 2 at 21:22–24:11. The Court reasoned that the Samsung and Waze motions are not "stand-alone 1404(a) motions," but depend on Google's motion, and it would not be "efficient" to decide them separately. *Id.*

essentially a customer case to the supplier *Google* case. Applying the "guiding principles [of] the customer suit exception . . . [of] efficiency and judicial economy," the supplier *Google* case should proceed first, as Google has "presumed greater interest in defending its actions against charges of patent infringement." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

Although the *Samsung* case also includes one non-overlapping product, Find My Mobile, under Federal Circuit precedent, the "manufacturer's case need only have the potential to resolve the '***major issues***' concerning the claims against the customer—***not every issue***—in order to justify a stay of the customer suits." *Spread Spectrum*, 657 F.3d at 1358 (emphasis added), *citing Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Here, allowing the *Google* case to proceed first could resolve infringement allegations based on two of three accused products, as well as other overlapping issues, such as the correct priority date and invalidity of the '829 and '123 Patents. ███████████████

███████████████████████████████████████

███████████████████████████████████████ On the other hand, proceeding with the *Samsung* case followed by the *Google* case would not only waste judicial resources, but also risk inconsistent outcomes on the same issues such as whether Google Maps or Find My Device infringes the '829 and '123 Patents. *See, e.g., McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) ("[I]f two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.")

*Third*, given the overlap in issues, most of the expert witnesses and all of AGIS's fact witnesses are relevant and likely to be called to all three trials. Similarly, each of the Google

8

employee witnesses are relevant to least two trials: the *Google* trial and at least one of the *Samsung* and *Waze* trials. For example, Google employees Amanda Moore, Micah Mason, and Matt Secor are knowledgeable and provided deposition testimony about technical functionality of Google Maps, which is accused in both *Google* and *Samsung*. Similarly, Google employee Jonathan Brunsman is knowledgeable and provided deposition testimony about Find My Device, which is also accused in both cases. Because Waze has been a Google subsidiary since 2013, Google witness James Maccoun is knowledgeable about licensing issues for both Google and Waze. All three cases also use Google documents and records as evidence, and in many cases, the same documents and records, including source code, technical documentation, marketing materials, user metrics, and license agreements.

Trying the *Google* case first minimizes the need for subsequent trials in *Samsung* and *Waze*, and correspondingly minimizes the need for both parties' witnesses to be called to testify multiple times. In particular, requiring trial witnesses to have to travel to testify in multiple times, when having them first testify at a *Google* trial could resolve all three cases, is not only inefficient, but also logistically challenging. As discussed, Google employees relevant to the *Samsung* case, Amanda Moore and Jonathan Brunsman, and Defendants' damages expert for all three cases, Paul Meyer, have conflicts with the June 6 trial date for *Samsung* and *Waze*. *Samsung*, Dkt. 30-1; *Google*, Dkt. 248-1. Accordingly, to conserve the parties' and the Court's resources while also avoiding the risk of inconsistent outcomes between case, the *Google* case should be tried first or, alternatively, all three cases should be tried to together.

### D. Conclusion

For the reasons discussed above, Defendants respectfully request that the Court set a trial schedule for these three related *AGIS* cases, under which either (1) the *Google* case is set for trial

9

first, before the trial(s) of *Samsung* and *Waze*; or (2) alternatively, that all three cases be set for a single combined trial on the same date.

|  |  |
|---|---|
| March 1, 2022 | /s/ J. Mark Mann |

J. Mark Mann
State Bar No. 12926150
Email: Mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
Email: Blake@themannfirm.com
**MANN TINDEL THOMPSON**
201 E. Howard St.
Henderson, Texas 75654
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Davis S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***ATTORNEYS FOR DEFENDANTS GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND WAZE MOBILE LIMITED***

Neil P. Sirota
neil.sirota@bakerbotts.com
Katharine Burke
katharine.burke@bakerbotts.com
Margaret M. Welsh
margaret.welsh@bakerbotts.com
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 408-2500
Fax: (212 408-2501

***ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on March 1, 2022.

                                       */s/ J. Mark Mann*
                                       J. Mark Mann

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the Protective Order entered in this case because it contains material designated by one of the parties as highly confidential.

March 1, 2022                           */s/ J. Mark Mann*
                                       **J. Mark Mann**

## CERTIFICATE OF CONFERENCE

On February 24, 2022, pursuant to Local Rule CV-7(h), Counsel Mark Liang for Defendants met and conferred with Counsel Enrique Iturralde for Plaintiff.  Plaintiff stated that it opposes this motion.

                                       */s/ J. Mark Mann*
                                       J. Mark Mann